PER CURIAM.
Defendant, Earl P. Medlock, after a trial before a judge, was found guilty of a violation of La.R.S. 14:69 (receiving stolen things valued at more than one hundred dollars) and sentenced to serve five years in the state penitentiary. On this appeal, he relies upon one bill of exceptions to obtain a reversal of his conviction and sentence.
Defense counsel asserts that the trial judge erred in allowing the prosecution to re-open the case and introduce evidence into the record after the closing argument had begun.
Both counsel are in accord, and the record confirms, that the objection was made under the following circumstances:
“BY MR. McNEILL (Assistant District ATTORNEY:
In this case, Your Honor, we have heard the testimony essentially of two witnesses .
*272 BY MR. FISHER (Defense Counsel):
Your Honor, pardon me, before the D.A. starts, I’d like to make a motion at this time and ask the court to remind the D.A., or admonish him that he won’t be allowed, as I understand it, to refer to any of the exhibits that he’s made because they haven’t been offered into evidence. He’s made no formal offer to file or introduce any of the exhibits into evidence. Therefore, as I understand it .
MR. McNEILL:
That’s not really the way it is. This list here I’ve introduced as State-1, this picture of the ring is State-2, picture of the pin and time certificate is State-3.
MR. FISHER:
Your Honor, there’s been no formal offering filed introducing these.
THE COURT:
Well, I will permit him to reopen the case to offer them.
MR. FISHER:
To which ruling I object and reserve a bill, Your Honor.
THE COURT:
You want to re-offer them?
MR. McNEILL:
Yes, sir, I would like to re-offer them.
THE COURT:
All right, admit them in evidence.”
The prosecution asserts in his brief that the exhibits had, in fact, been previously offered and properly admitted into evidence. The record discloses that prosecution’s exhibit marked State-1 was admitted, over defense objection (R-38) and exhibits marked State-2 and State-3 were offered, produced and filed in evidence without objection (R-80) but without a ruling by the trial judge.
Inasmuch as the evidence objected to was introduced and filed into evidence without objection during the course of the trial, the defendant has no grounds to complain that it was not properly filed. At best, the action of the trial judge in allowing the state to reopen its case during final argument to reoffer this evidence had no effect where the evidence had already been introduced, and was apparently done out of an excess of caution.[1]
This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.

. La.C.Or.P. Art. 705(5) permits the court to permit the introduction of additional evidence, after rebuttal, “prior to argument”. Since we find the evidence was properly introduced during State’s case in chief, we do not reach the issue of whether the introduction here — “before the D.A. starts’’ — was prior to argument.